Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1115 | **DATE** | 9/17/2003 |
| **CASE TITLE** | STEPHEN RAY, et al vs. MELVIN VON BERGEN, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' request to compel arbitration is granted. This case is dismissed without prejudice pending arbitration and all other motions, including but not limited to the motion for consolidation, are dismissed as moot.
(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | SEP 19 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 24 |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | SEP 19 2003 date mailed notice | |
| CG | courtroom deputy's initials | 03 SEP 19 AM 9:25 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEPHEN RAY, WALTER THOMAS PRICE, THE PRICE FUTURES GROUP, and MAN FINANCIAL GROUP INC., <br><br> Plaintiffs, <br><br> v. <br><br> MELVIN VON BERGEN, MICHAEL P. VON BERGEN, and BOBETTE K. VON BERGEN, <br><br> Defendants. | 03 C 1115 <br><br> Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Stephen Ray, Walter Thomas Price, the Price Futures Group and Man Financial Group Inc., have brought an action to enjoin defendants, Melvin Von Bergen, Michael P. Von Bergen and Bobette K. Von Bergen from pursuing and continuing arbitration proceedings against them before the National Futures Association (the "NFA"). Defendants seek to compel arbitration. For the reasons set forth below, the Court compels arbitration and dismisses this case without prejudice pending arbitration.

## FACTS

Plaintiff Price Futures Group ("Price Futures") is an Illinois corporation registered with the Commodities Futures Trading Commission ("CTFC") as an Introducing Broker under § 4(d) of the Commodities Exchange Act, 7 U.S.C. § 6(d). As an introducing broker, Price Futures, *inter alia*, solicits and accepts orders for futures and option trades and places those trades with a clearing broker. Price Futures' clients,

including defendants, maintain customer accounts with these clearing brokers. Stephen Ray and Walter Thomas Price are officers and employees of Price Futures. Man Financial Inc. is registered with the CTFC as a Futures Commission Merchant.

In June 2000, defendants were party to a Customer Account Agreement Futures and Options on Futures ("Customer Agreement") for purposes of hedge accounts with Price Futures. (Compl., Ex. 1.) In June 2000, defendants were also party to an Arbitration Agreement with plaintiffs. (Pls.' Reply Defs.' Br. Opp'n Pls.' Mem. Supp. D. Requirement Determine Arbitrability, Ex. B, Arbitration Agreement.) According to defendants, these hedge accounts were to act as insurance policies against price fluctuations of defendants' crops in the market. (Compl., Ex. 2, Arbitration Claim Form.) On or about June 2000, defendants allege that they became aware of unauthorized trades made on their behalf upon receipt of their June 2000 statements.

On December 2, 2002, defendants filed a claim for arbitration with the NFA and alleged in part violations of the Commodities Exchange Act. It is plaintiffs' contention that because defendants admittedly learned of the unauthorized transactions in their June 2000 statement, they are time-barred from bringing such an arbitration claim because the NFA's two-year limitations period would have expired in June 2002. Defendants argue and represented to the NFA that they "first learned that there was a possibility that something could be done sometime after February 21, 2001," when Mr. Von Bergen learned that another farmer had brought a successful demand for arbitration against Mr. Ray, triggering the limitations period. (Compl., Ex. 2, Arbitration Claim Form.)

Plaintiffs argue that they did not agree to arbitrate any matter that did not fall within the rules of the NFA, and thus the defendants should be enjoined from arbitration.

2

Defendants seek to compel arbitration and argue that whether their arbitration claims were timely filed is an issue for the arbitrator to decide.

## DISCUSSION

Under the Federal Arbitration Act, federal courts must compel arbitration of proceedings if any of the issues are "referable to arbitration under an agreement in writing for such arbitration" so long as the court is "satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement." 9 U.S.C. § 3 (West 2003). When a contract contains an arbitration clause, there is a presumption of arbitrability in the sense that "an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650 (1986). Further, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

The plaintiffs contend that they did not agree to submit the question of arbitrability to the arbitrator where the claims fall outside the rules of the NFA. (Pls.' Reply Defs.' Br. Opp'n Pls.' Mem. Supp. D. Ct.'s Requirement Determine Arbitrability at 5.) Plaintiffs rely upon a body of case law classifying the issue of timing as a question of arbitrability for the court to decide. Several cases, including *Smith Barney Inc. v. Schell*, 53 F.3d 807, 809 (7th Cir. 1995), *Edward D. Jones & Co. v. Sorrells*, 957 F.2d 509, 512-14 (7th Cir. 1992), and *Paine Webber Inc. v. Farnam*, 870 F.2d 1286, 1292 (7th Cir. 1989), have held that whether the time limitation of Section 15 of the NASD Code

3

bars a claim from arbitration is a question of arbitrability for the court to decide..

However, in *Howsam v. Dean Witter Reynolds, Inc.*, 123 S. Ct. 588, 592 (2002), the Supreme Court apparently disagreed with this line of cases and held that "the phrase 'question of arbitrability' has a far more limited scope" and that "the applicability of the NASD time limit rule is a matter presumptively for the arbitrator, not for the judge." The *Howsam* Court reasoned that "[t]he time limit rule closely resembles the gateway questions that this Court has found not to be 'questions of arbitrability.'" *Id.* (citing to reference of "waiver, delay, or a like defense" in *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25); *see Gaming World Int'l, Ltd. v. White Earth Band of Chippewa Indians*, 317 F.3d 840, 852 n.5 (8th Cir. 2003) (citing *Howsam*, 123 S. Ct. at 592) ("[W]hether grievance procedures have been followed or time limits satisfied are examples of issues to be decided by the arbitrator."). The *Howsam* Court held that "procedural questions which grow out of the dispute and bear on its final disposition are presumptively *not* for the judge, but for an arbitrator, to decide." *Id.* (emphasis original).

The agreement at issue in *Howsam* bears many similarities to the one in the instant case:

> All controversies . . . concerning or arising from . . . any account . . ., any transaction . . ., or . . . the construction, performance or breach of . . . any . . . agreement between us . . . shall be determined by arbitration before any self-regulatory organization or exchange of which [plaintiff] is a member.

*Howsam*, 123 S. Ct. at 591. In the instant case, the Arbitration Agreement signed by the defendants states in relevant part that:

> The undersigned ("Customer") agrees that any claim, grievance or controversy arising out of or relating to Customer(s) account, to transactions pursuant to the Customer Agreement or the breach thereof, shall be settled by arbitration in accordance with the rules of the National Futures Association, the American

4

Arbitration Association, or the exchange upon which the transaction giving rise to the claim was executed.

(Pls.' Reply Defs.' Br. Opp'n Pls.' Mem. Supp. D. Requirement Determine Arbitrability, Ex. B, Arbitration Agreement.) Further the differences between the time limit rule of the NFA Code of Arbitration and the NASD Code of Arbitration are not such that the holding of this court should differ from that in *Howsam*.[1]

The *Howsam* Court cited the Revised Uniform Arbitration Act of 2000 ("RUAA"), which states that "in the absence of an agreement to the contrary, issues of substantive arbitrability ... are for a court to decide and issues of procedural arbitrability, *i.e.*, whether prerequisites such as *time limits*, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide." *Howsam*, 123 S. Ct. at 592 (citing RUAA § 6(c), comment 2, 7 U.L.A. 12-13 (Supp. 2002)). The NFA Code of Arbitration provides that the "NFA shall reject any claim that is not timely filed. If, in the course of any arbitration, the Panel determines that the requirements of this [time period for arbitration] have not been met as to a particular claim, the Panel shall thereupon terminate the arbitration of the claim without decision or award." (Waskowski Aff., Ex. B, Code of Arbitration § 5.) Thus, as a procedural question, whether the NFA time limit has been satisfied is a matter for the

---

[1]Section 5 of the NFA Code states in relevant part that "no Arbitration Claim may be arbitrated under this Code unless an Arbitration Claim or notice of intent to arbitrate ... is received by NFA within two years from the date when the party filing the Arbitration Claim knew or should have known of the act or transaction that is the subject of the controversy." Section 10304 of the National Association of Securities Dealers ("NASD") Code of Arbitration Procedure provides that "no dispute shall be eligible for submission ... where six (6) years have elapsed from the occurrence or event giving rise to the ... dispute."

5

arbitrator and not the court.

In sum, *Howsam* resolved the disagreement between the circuits as to whether the court or arbitrator must interpret and apply rules such as NASD time limit rule. *Howsam*, 123 S. Ct. at 591 (abrogating *J.E. Liss & Co. v. Levin*, 201 F.3d 848, 851 (7th Cir. 2000)). The Seventh Circuit was among those holding that this was a question for the court and accordingly, the authority of pre-*Howsam* cases upon which plaintiffs rely is considerably undermined.

The *Howsam* Court further reasoned that NASD arbitrators are "comparatively more expert about the meaning of their own rule" and are thus better able to interpret and apply it. *Id.* at 593. Like the NASD arbitrators, the NFA arbitrators possess experience and familiarity with the NFA time limit rule. Therefore, for all of these reasons, the Court holds that whether defendants have complied with the NFA's time limit rule is a matter to be resolved by the arbitrators.

## CONCLUSION

For the reasons set forth above, defendants' request to compel arbitration is granted. This case is dismissed without prejudice pending arbitration and all other motions, including but not limited to the motion for consolidation, are dismissed as moot.

**SO ORDERED**  ENTERED: 9/17/03

**HON. RONALD A. GUZMAN**
**United States Judge**